DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Marathon Ashland Petroleum, LLC, | ) | |
| | ) | CASE NO. 3:04CV7638 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | (Resolving Doc. Nos. 21, 24) |
| Selker Bros., Inc., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff Marathon Ashland Petroleum LLC, (MAP) alleges that Defendant Selker Bros., Inc.

has failed to pay it amounts owed from sales of petroleum products.  Before the Court is MAP's

Motion for Default Judgment (Doc. No. 21).  MAP moves for default judgment against Selker Bros.

because, subsequent to the Court's denial of its Motion to Dismiss for Lack of Subject Matter

Jurisdiction, Selker Bros. did not timely answer, move or otherwise respond to the Complaint.  Selker

Bros. has opposed this Motion and moved for leave to file an answer. (Doc. No. 24.)  MAP's Motion

for Default Judgment is DENIED because MAP has not obtained an entry of Default against Selker

Bros.  Additionally, Selker Bros.' Motion for Leave to File Answer Instanter is GRANTED.  Because

the deadline for joining parties has passed, however, MAP is granted leave until Friday, May 27, 2005,

to join any additional parties in response to Selker Bros.' counterclaim.

## I

MAP initiated this lawsuit on October 8, 2004, alleging that Selker Bros. owed it money

resulting from sales of petroleum products.  Selker Bros. filed its Motion to Dismiss for Lack of

(3:04CV7638)

Personal Jurisdiction on December 13, 2004. The Court conducted a Case Management Conference one week later, on December 20, 2004, at which the Court set the deadline to join parties and amend the pleadings as March 31, 2005 and set the discovery cutoff as July 29, 2005. At the CMC, it was apparent to the Court that Selker Bros. would likely be asserting a counterclaim against MAP for providing it allegedly defective products. The Court denied the Motion to Dismiss on March 15, 2005. (Doc. No. 20.) Thus, the deadline for Selker Bros. to file an Answer or otherwise plead was March 25, 2005.

Subsequent to the denial of the Motion to Dismiss, counsel for Selker Bros. Walter A. Rodgers sought an extension of time to file an Answer and Counterclaim from MAP. For some unknown reason, however, Selker Bros. never filed a motion for an extension of time with the Court. Rodgers asserts that Selker Bros. was not aware of its failure to file this Motion until MAP filed the instant Motion for Default Judgment on April 12, 2005. On April 15, 2005, Selker Bros. filed Notice of its intent to oppose MAP's Motion (Doc. No. 23) and, on April 18, 2005, filed its Opposition and Motion for Leave to File Answer Instanter (Doc. No. 24).

**II**

MAP requests that this Court grant it a default judgment because Selker Bros. failed to timely respond to the Complaint. "Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter a default judgment." O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 352 (6th Cir. 2003) (emphasis added). Thus, the clerk must first enter default against a party before the court may enter default judgment against that party. Here, MAP

2

(3:04CV7638)

has not moved the Clerk to for an entry of default.  The Court, therefore, cannot grant its Motion for

Default Judgment.  Consequently, the Motion is DENIED.

Moreover, even if default had been entered against Selker Bros. the Court would be inclined to

vacate the default.  Selker Bros. has opposed the Motion for Default Judgment by utilizing the standard

for vacating an entry of default.  A court may set aside an entry of default "for good cause shown." Fed.

R. Civ. P. 55(c).  "The criteria used to determine whether good cause has been shown for purposes of

granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would

prejudice plaintiff, and (3) the alleged defense was meritorious." O.J. Distributing, 340 F.3d at 353

(internal quotations omitted).  The district court has broad discretion under Rule 55(c) to vacate an

entry of default.  Id. (quoting United States v. Real Property & All Furnishings Known as Bridwell's

Grocery & Video, 195 F.3d 819, 820 (6th Cir.1999)).  However, "a district court abuses its discretion

in denying a motion to set aside an entry of default when two of the three factors have been

demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result

to the plaintiff if the matter were to go forward." Id. (citing Shepard Claims Serv., Inc. v. Willaim

Darrah & Assoc., 796 F.2d 190, 193-94 (6th Cir.1986)).

MAP contends that a failure to grant it default judgment would prejudice it in three ways: (1)

MAP may need to join additional parties to defend against Selker Bros. counterclaim, but the deadline

to add additional parties has already passed; (2) it will be unable to efficiently conduct discovery

without an answer, and (3) Selker Bros. is merely delaying payment.  The Court concludes that none of

these three reasons warrant a determination that MAP would be prejudiced by failing grant it a default

3

(3:04CV7638)

judgment.  While an inability to join additional parties may have constituted prejudice to MAP, the Court grants MAP until Friday, May 27, 2005 to join any additional parties.  The passing of the deadline to join additional parties, therefore, does not constitute prejudice against MAP.  Further, permitting Selker Bros. to file an Answer will enable MAP to complete its discovery efficiently, and more than ten weeks remain before the discovery cutoff.  Lastly, mere delay is insufficient to establish prejudice.  United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983).  Thus, the allegation that MAP will be prejudiced by a further delay in payment is insufficient.  MAP, therefore, has not established that it would be prejudiced by a failure to grant it default judgment.

Furthermore, Selker Bros. has meritorious defenses and a counter claim to assert against MAP.  A meritorious defense is a defense that is "good at law" regardless of the defendant's likelihood of success on the claim.  Id. (citing Rooks v. American Brass Co., 263 F.2d 166, 169 (6th Cir.1959) (per curiam)).  Here, Selker Bros. asserts that MAP breached the agreement by selling Selker Bros. contaminated products.  This is a defense that is good at law, and, therefore, Selker Bros. has asserted a meritorious defense.  Consequently, MAP would not be prejudiced by a failure to grant it default judgment and Selker Bros. has advanced a meritorious defense.  The Motion for Default Judgment, therefore, would be denied even if MAP had obtained an entry of default.

### III

For the foregoing reasons, Plaintiff Marathon Ashland Petroleum LLC's (MAP) Motion for Default Judgment (Doc. No. 21) is DENIED.  Because the Motion for Default Judgment is Denied, Defendant Selker Bros., Inc.'s Motion for Leave to File Answer Instanter (Doc. No. 24) is

4

(3:04CV7638)

GRANTED.  Further, MAP is GRANTED until Friday, May 27, 2005 to join any additional parties.

Additionally, the parties are reminded that the discovery cutoff is July 29, 2005, and that the

Court will conduct a Status Conference on Tuesday, August 9, 2005, at 12:30 p.m. (Doc. No. 17.)

IT IS SO ORDERED.


  May 10, 2005                                     */s/ David D. Dowd, Jr.*
Date                                            David D. Dowd, Jr.
                                                 U.S. District Judge