IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARATHON ASHLAND PETROLEUM, LLC,

                Plaintiff,                Case No. 3:04 CV 7638

-vs-

                                                  <u>MEMORANDUM OPINION</u>

SELKER BROS., INC., et al.,

                Defendant.

KATZ, J.

      This matter was originally on the docket of this Judge and then transferred to the Honorable David D. Dowd, Jr., who thereafter discovered an irreconcilable conflict and recused, whereupon the matter has returned to the docket of the undersigned. Pending before the Court for resolution is a motion to dismiss filed by Fourth-Party Defendants Kinder Morgan Transmix Company, LLC and Kinder Morgan Operating LP "A" ("Kinder") (Doc. No. 75) based on lack of supplemental jurisdiction or, in the alternative, requesting that the motion be treated as one to compel arbitration and/or mediation pursuant to the Federal Arbitration Act. Fourth-party Plaintiff, Duke Energy Merchants, LLC ("Duke") has filed a response in opposition to that motion, as has Plaintiff Marathon Ashland Petroleum, LLC ("Marathon"). For the reasons which follow, Kinder's motion to dismiss will be denied, as will its motion to compel arbitration and/or mediation. (Doc. Nos. 58 & 74).

**BACKGROUND**

In summary, this case arose out of an alleged breach of contract between Marathon and Selker Bros., Inc. ("Selker") for provision of oil to the latter by Marathon, for which Marathon alleges that Selker has failed to pay in an amount in excess of $908,000. Selker filed an answer denying Marathon's claim and containing a counterclaim alleging that Marathon had caused damages in excess of $10 million by selling it contaminated petroleum products. Marathon denied any liability to Selker and filed a third-party complaint against Duke, the company which supplied the petroleum products to Marathon which it in turn sold to Selker. Marathon, in its claims against Duke, claims the right of indemnification and/or contribution in the event it is found liable on Selker's counterclaim. Duke then filed a fourth–party complaint against Kinder, the entity alleged to own and/or operate the processing facility, alleging that Kinder processed matter into fuel at its processing plant and/or permitted contaminants to infiltrate into the fuel in question; Duke seeks indemnification and/or contribution by and from Kinder if it is found liable in any way to Marathon as a result of a determination that the fuel in question was contaminated as alleged by Selker. Finally, Kinder filed the motion to dismiss now before the Court.

**JURISDICTIONAL ISSUES**

Cutting through the various positions espoused by the parties, it appears that Kinder's position with respect to this Court's jurisdiction over the matter as between itself and Duke is that there is a lack of jurisdiction with respect to the complaint giving rise to Kinder's involvement in this matter because there is no diversity of citizenship between Marathon and Duke. As pointed out in Marathon's response (Doc. No. 61), the citizenship of a limited liability company for the purposes of diversity jurisdiction is determined by the citizenship of its members, for it is treated

for diversity purposes as a partnership and not like a corporation.  Since partnerships are deemed citizens of any state in which any of its members reside, Marathon alleges jurisdiction is proper under 28 U.S.C. § 1332©).  *See Cosgrove v. Bartolotta*, 150 F.3rd 729, 731 (7th Cir. 1998). Marathon has appended a declaration of N. R. Purcell, attached as Exhibit 1 to its response, in which it is explained that Marathon is an LLC with two members, Marathon Oil Company and Marathon Domestic LLC.  The former is an Ohio corporation with its principle place of business in Texas while the latter is a Delaware LLC with its principle place of business in Ohio and its single member Marathon Petroleum Holdings LLC, a Delaware LLC with a principle place of business in Texas.   Duke has disclosed that its sole member is Duke Energy Merchants Corporation, a North Carolina corporation.  Clearly, therefore, there is diversity between Marathon and Duke.

Additionally, even should this Court find that it does not have primary jurisdiction over the third-party complaint against Duke by virtue of diversity jurisdiction, the Court agrees with Marathon that subject matter jurisdiction exists pursuant to the doctrine of ancillary jurisdiction as set forth in *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U. S. 375, 378 (1994).  In that case the Supreme Court articulated that:

> [W]here a federal court has jurisdiction over the main cause of action and the parties thereto, it also has jurisdiction over any proceedings ancillary to that action, regardless of the citizenship of the parties or the existence of a federal question in the ancillary suit.

Clearly, this Court has jurisdiction over the primary complaint between Marathon and Selker, since Selker's compulsory counterclaim is one which arises out of the same transactions as does Marathon's claim against Selker.  This Court would, in the interests of judicial economy, retain jurisdiction of all matters flowing from these primary complaints, including, but not limited

to, ancillary jurisdiction over the issues as between Duke and Kinder. It is totally appropriate to retain jurisdiction over those matters arising out of or flowing from the primary matters over which there is no question of jurisdiction. In sum, it is this Court's determination that jurisdiction under 28 U.S.C. § 1332(c) exists as between Marathon and Duke and as between Duke and Kinder and that alternatively, ancillary or supplemental jurisdiction over those matters is absolutely appropriate in this case pursuant to § 1367.

### ARBITRATION/MEDIATION PROVISIONS OF CONTRACT BETWEEN DUKE AND KINDER

Section 12 of the "Transmix Processing Agreement" between Duke and Kinder, dated March 16, 2001 provides that any controversy or claim arising out of that agreement and involving more than $1 million shall be settled by arbitration; however, controversies involving less than that amount shall be referred to judicial arbitration and mediation services in Harris County, Texas for mediation and, if mediation is unsuccessful, either party is permitted to seek to resolve the dispute through litigation.

Based on the allegations contained in Selker's counterclaim against Marathon, Kinder asserts that it is not entirely clear whether millions of dollars as alleged is appropriate or whether it is something less than $1 million. It is relatively clear that the amount for which there could be liability under the contract as between Kinder and Duke cannot be determined at this juncture of the proceedings. Further, Duke's complaint against Kinder asks for indemnification and/or contribution *if* it is determined that the fuel in question was contaminated as alleged by Selker, and *if* it is ultimately determined that the contamination was not introduced to the fuel after it left Kinder's possession, and *if* it is further determined that Duke is liable to Marathon for indemnity and/or contribution. It is only then that the amount for which Duke would be liable would be a

known quantum and, therefore, whether it is subject under Section 12 to either arbitration or mediation. Therefore, at this time it would be totally inappropriate for the Court to order arbitration and/or mediation. The Court declines to do so and will deny Kinder's motion directed at such an order.

**CONCLUSION**

For the reasons stated above, both of Kinder's motions (Doc Nos. 58 & 74) are denied. The Court will entertain a motion or motions by the impacted parties as to whether to stay discovery and further proceedings on the third-party complaint of Marathon and/or the fourth-party complaint of Duke. The parties affected by those two actions are granted ten (10) days from the date of this order to file motions directed at any requested stay of those proceedings pending determination of liability on the primary action between Marathon and Selker.

IT IS SO ORDERED.

      s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE